**14 CV 5977**

JUDGE SCHEINDLIN

Martin F. Casey
**CASEY & BARNETT, LLC**
41 Madison Avenue, 25th Floor
New York, New York 10010
(212) 286-0225
Attorneys for Plaintiff

RECEIVED
JUL 31 2014
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF       14 Civ.
NORTH AMERICA a/s/o THE HOME DEPOT,
INC.
                                     **COMPLAINT**
         Plaintiff,

    - against –

AP MOLLER-MAERSK A/S d/b/a MAERSK
LINE,

         Defendant.
-------------------------------------------------------------X

Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o THE HOME DEPOT, INC., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

### PARTIES

2.   At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA" or "Plaintiff") was and is a corporation with an office and place of business located at 10 Exchange Place, Jersey City, New Jersey 07302, and is the subrogated

underwriter of a consignment of Furniture laden on board the M/V GRETE MAERSK as more specifically described below.

3. At all material times, THE HOME DEPOT, INC. (hereinafter "Home Depot" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of Delaware with an office and place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339, and was the owner/receiver of a consignment of Furniture on board the M/V GRETE MAERSK, as more specifically described below.

4. At all material times, defendant, AP MOLLER-MAERSK A/S d/b/a MAERSK LINE (hereinafter "Maersk") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2 Giralda Farms, Madison Avenue, Madison NJ 07940 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

6. On or about September 23, 2013, a consignment consisting of 164 Cartons Furniture, laden in container number PONU 3059008, then being in good order and condition, was delivered to the M/V GRETE MAERSK and to Maersk and/or its agents in Yantian, China in consideration of an agreed upon freight, pursuant to Maersk bill of lading number MAEU SZHRY0002 dated September 23, 2013, for transportation to St. Louis, Missouri via Los Angeles, California.

7. Thereafter, the aforementioned consignment was loaded aboard the M/V GRETE MAERSK and the vessel sailed for its intended destination.

8. On or about October 21, 2013, container number PONU 3059008 was delivered to the cargo receiver in St. Louis.

9. Upon discharge and delivery, it was discovered that the Furniture had sustained wetting during transit due to a hole in the container.

10. As a result of the foregoing, The Home Depot sustained a loss of $28,048.00 for the consignment.

11. The damage to the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendant and/or its agents.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between Home Depot and IINA, which provided coverage for, among other things, loss or damage to the consignment.

13. Pursuant to the aforementioned contract of insurance between Home Depot and IINA, monies have been expended on behalf of Home Depot to the detriment of IINA due to the damages sustained during transit.

14. As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, IINA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

15. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $28,048.00.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $28,048.00, together with interests, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
July 31, 2014
115-1334

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *Martin F. Casey*
Martin F. Casey
41 Madison Avenue, 25th Floor
New York, New York 10010
(212) 286-0225